# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DANTE R. WELLS,** } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | **CASE NO. 2:13-cv-2170-SLB** |
| } | |
| **VOESTALPINE NORTRAK, INC.,** } | |
| } | |
| Defendant. } | |

## MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion to Dismiss. (Doc. 8.)[1] Plaintiff Dante Wells has sued defendant Voestalpine Nortrak, Inc. alleging race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981 ("§ 1981"). Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Motion to Dismiss, (Doc. 8), is meritorious with regard to plaintiff's Title VII and § 1981 claims, but is not meritorious as to plaintiff's Title VII exhaustion requirement. As discussed with counsel at the hearing on the Motion to Dismiss, defendant's Motion to Dismiss will be denied with leave for plaintiff to replead his claims.

---

[1]Reference to a document number, ["Doc. "], refers to the number assigned to each document as it is filed in the court's record.

## I. <u>MOTION TO DISMISS STANDARD</u>

Defendant has moved to dismiss plaintiff's Complaint for failure to state a claim upon which relief may be granted. (Doc. 8 at 1.) The purpose of such motions, authorized by Rule 12(b)(6) of the Federal Rules of Civil Procedure, is to test the facial sufficiency of the plaintiff's statement of his claims for relief. *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1367 (11th Cir. 1997). Rule 12(b)(6) must be read together with Rule 8(a)(2), which "requires that a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (internal citations and quotation marks omitted).

To survive a 12(b)(6) motion, Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and quotation marks omitted). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations and

footnote omitted). The plaintiff need not prove his case but must plead "enough facts to state a claim to relief that is *plausible* on its face." *Id.* at 570 (emphasis added).

Additionally, "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). Further, all "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). However, while the court must accept all factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citation omitted).

## II.  FACTUAL BACKGROUND[2]

Plaintiff is an African-American male and a resident of Jefferson County, Alabama. (Doc. 1 ¶ 3.) Defendant is a rail manufacturing and distribution company that hired plaintiff as a machinist on October 19, 1999. (Doc. 1 ¶¶ 4, 7.) On September 3, 2012, plaintiff's supervisor accused him of stealing inserts from a LISTA machine at work and suspended plaintiff during an investigation of the theft. (Doc. 1 ¶¶ 9, 13.) On December 5, 2012, plaintiff filed his first charge of discrimination with the Equal Employment Opportunity Commission, alleging racial discrimination in his suspension

---

[2]As noted above, for purposes of deciding the Motion to Dismiss, the court accepts as true all facts alleged in the Complaint.

and treatment at work. (Doc. 1 at 6.) Plaintiff's explanation of discrimination reads as follows:

> I am an African American male. I was hired as a machinist by the above named employer during October 19, 1999. On October 2, 2012, my supervisor wrote a derogatory and insulting comment on a "wing rail" about my job performance in public view for everyone to see. My White coworkers are not treated in this manner. On December 3, 2012, I was suspended from work without pay. I have not been allowed to return to work. I was accused of taking inserts out of the LISTA machine. I deny committing the alleged misconduct. Two White employees who have full and unlimited access to the LISTA machine have not been suspected of stealing or suspended. I do not have full access to the LISTA machine and there is no proof of me taking the inserts in question from the machine. During the period of my suspension the inserts in question were found in the workplace, however, I remain suspended because the situation is allegedly still being investigated. White employees who have been caught stealing inserts and other company property were not suspended or treated in the same manner as I. The majority of the White employees are related to each other, or close friends.
>
> I believe I have been discriminated against because of my race in violation of Title VII of the Civil Rights Act of 1964 as amended.

(Doc. 1 at 6.) Defendant terminated plaintiff's employment on December 6, 2012, the day after plaintiff filed his EEOC charge. (Doc. 1 ¶ 10.) Plaintiff filed another EEOC charge on December 17, 2012 that is identical to the first charge, except plaintiff added that "[m]y employer discharged me on December 6, 2012." (Doc. 16-1.) Plaintiff filed the EEOC charges without the assistance of counsel. (Hearing on Motion to Dismiss, Statement by Plaintiff's Counsel (Oct. 14, 2014).)

Plaintiff sued defendant on November 7, 2013 and attempted to serve defendant through certified mail. (Docs. 1, 9 at 3.) The Complaint was returned to plaintiff marked "unclaimed–unable to forward." (Doc. 9 at 3.) This court issued a Show Cause Order on June 6, 2014 for plaintiff to show cause why he had not served defendant with the Complaint, (Doc. 5), and on June 10, 2014, plaintiff properly served defendant with the Complaint, (Doc. 9 at 3).

## III. DISCUSSION

Defendant contends that plaintiff failed to sufficiently plead facts that state a claim for race discrimination or retaliation, (Doc. 8 ¶¶ 2, 4), and that plaintiff failed to exhaust his administrative remedies as to his retaliation claim under Title VII, (Doc. 8 ¶ 5). The court agrees that plaintiff's Complaint does not state a claim for race discrimination or retaliation under Title VII or § 1981,[3] but the court finds that plaintiff properly exhausted his administrative remedies as a precondition to bringing a Title VII claim for retaliation.

**A. Race Discrimination Claims**

"The prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). A plaintiff is not required to allege facts in the complaint sufficient to make out a

---

[3] The court's analysis under Title VII determining whether plaintiff stated claims for relief will apply to plaintiff's § 1981 claims as well, as Title VII and § 1981 "have the same requirements of proof and use the same analytical framework." *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998).

*McDonnell Douglas* prima face case; rather, he must only "provide 'enough factual matter (taken as true) to suggest' intentional race discrimination" and to raise his claim above speculation. *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008). However, a conclusory allegation that an employer treated similarly situated employees of another race differently, without further factual development, "epitomizes speculation and therefore does not amount to a short and plain statement of [a plaintiff's] claim under Rule 8(a)." *Id.*; *see also Davis*, 516 F.3d at 974 (finding that the plaintiffs did not state a claim for race discrimination where the complaint stated only that the "plaintiffs were 'denied promotions . . . and treated differently than similarly situated white employees solely because of [] race'"); *Uppal v. Hosp. Corp. of America*, 482 F. App'x 394, 396 (11th Cir. June 13, 2012) (finding allegation that "'[o]ther similarly situated employees outside Plaintiff's protected classes' engaged in similar misconduct, but were not disciplined" did not state a claim for discrimination).

Plaintiff claims in Count I of his Complaint that the "reason given for his termination was a pretext for race discrimination" insofar as "similarly situated Caucasian employees have been suspect [sic] of theft and/or caught stealing Nortrak's property without being terminated." (Doc. 1 ¶ 11.) Plaintiff does not provide the name or position of any comparator who has been suspected of theft or caught stealing, state whether the same supervisor oversees plaintiff and the comparators, provide any details of the comparators' alleged stealing, or state any other factual allegation to support plaintiff's

conclusory statement that the comparators are similarly situated. Plaintiff also does not provide any facts supporting this allegation in either of his EEOC charges.[4] While plaintiff is not required to make out a *McDonnell Douglas* prima facie case, plaintiff's claim for race discrimination in his termination, without more facts, "epitomizes speculation" and does not state a claim under Rule 8(a)(2).

Plaintiff next claims in Count II of his Complaint that "Nortrak subjected Wells to different terms and conditions of employment by failing to perform a good faith investigation and by suspending Wells during the investigation for theft, while similarly situated white employees are not so suspended." (Doc. 1 ¶ 13.) Plaintiff does not support this conclusion with facts in the Complaint. Plaintiff states in both EEOC charges that two white employees have unlimited access to the LISTA machine and were not suspected of stealing the inserts. (Docs. 1 at 6, 16-1.) However, plaintiff does not name those employees, state their positions in the company, or provide any other facts showing that those two employees are similarly situated to plaintiff.

In *McCray v. Auburn University Montgomery*, a case cited by defendant, the court found that the plaintiff failed to state a claim for discrimination under Title VII and § 1981, where the plaintiff stated only that "Judith Haggin, a white female, was allowed

---

[4] The court may consider the EEOC charges along with the Complaint. *See Ezekiel v. Tift Cnty. Sch. Dist.*, No. 7:08-cv-127 (HL), 2010 WL 431977, at *4 (M.D. Ga. Feb. 1, 2010) ("[T]he EEOC Complaints are attached to the complaint and are proper matters for the court to consider as they are central to the complaint.").

to perform her job poorly, sleep on the job, read books, and abuse the absenteeism policy without adequate punishment." *McCray*, No. 2:11-cv-714-WHA, 2011 WL 6140993, at * 4 (M.D. Ala. Dec. 8, 2011). Although the plaintiff named a specific employee of another race that was allegedly treated more favorably, the court found the plaintiff's allegation conclusory because the plaintiff did not identify in which department Haggin worked or otherwise show in the pleadings that Haggin was similarly situated to the plaintiff. *Id.* The *McCray* plaintiff provided more supporting facts than plaintiff provides in this case and still failed to state a claim for relief. Without plaintiff showing that fellow employees are arguably similarly situated, plaintiff's claim that defendant treated employees of another race more favorably amounts to speculation.

Plaintiff additionally states in his EEOC charges that his employer found the inserts he accused plaintiff of stealing, but defendant continued to suspend plaintiff, alleging that an investigation into the theft was ongoing. (Docs. 1 at 6, 16-1.) Plaintiff states no facts showing that defendant's alleged failure to conduct a good faith investigation of the theft resulted from discrimination against plaintiff based on his race. Without providing facts suggesting that defendant engaged in unlawful discrimination, the Complaint does not state a claim for race discrimination.

**B. Retaliation Claim**

Defendant contends that the Complaint does not state a claim for retaliation under Title VII and § 1981, but that even if it does, plaintiff is barred from bringing a Title VII

claim for retaliation because he failed to exhaust his administrative remedies. (Doc. 8 ¶¶ 4, 6.) Because plaintiff's retaliation claim under Title VII would not properly be before the court if it is barred, an analysis of the exhaustion requirement precedes an analysis of whether plaintiff sufficiently pleaded facts alleging a Title VII retaliation claim.

### 1. Exhaustion of Administrative Remedies Under Title VII

To bring a retaliation claim under Title VII in federal district court, a plaintiff must exhaust his administrative remedies by filing a charge of discrimination with the EEOC within 180 days of the "alleged unlawful employment practice."[5] 42 U.S.C. § 2000e-5(e)(1); *see also Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). A "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) (quoting *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000)) (internal citation and quotation marks omitted). Title VII requires that "[d]iscrete acts of discrimination, such as termination or failure to promote, that occur after the filing of an EEOC complaint must first be administratively reviewed before they may serve as a basis for a judicial finding

---

[5] Unlike Title VII, § 1981 does not carry such a requirement. *Green v. Elixir Indus, Inc.*, 152 Fed. App'x 838, 841 (11th Cir. Oct. 11, 2005). Plaintiff's claim for retaliation is not precluded under § 1981, given that plaintiff had no duty to exhaust administrative remedies before bringing that claim, so the only question is whether plaintiff's retaliation claim under Title VII is barred due to a failure to exhaust administrative remedies.

of discriminatory conduct." *Kelly v. Dun & Bradstreet, Inc.*, No. 13-11060, 2014 WL 747235, at *3 (11th Cir. Feb. 27, 2014).

However, "it is unnecessary to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court." *Thomas v. Miami Dade Pub. Health Trust*, 369 Fed. App'x 19, 23 (11th Cir. Mar. 8, 2010) (quoting *Gupta v. E. Tex. State Univ.*, 654 F.2d 411, 414 (5th Cir. Unit A Aug. 1981)) (internal quotation marks omitted); *see also Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 168–69 (11th Cir. 1988) (following *Gupta*). Additionally, when evaluating an EEOC charge, "the scope of an EEOC complaint should not be strictly interpreted." *Gregory*, 355 F.3d at 1280 (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 465 (5th Cir. 1970)) (internal quotation marks omitted). Courts are "extremely reluctant to allow procedural technicalities to bar claims brought under [Title VII]." *Id.* (quoting *Sanchez*, 431 F.2d at 460-61) (internal quotation marks omitted).

Plaintiff's first EEOC charge, filed on December 5, 2012, did not state facts supporting a retaliation claim because plaintiff filed that charge the day before defendant terminated him. (*See* Doc. 1 at 6.) Plaintiff subsequently filed a second EEOC charge on December 17, 2012, stating that defendant terminated him on December 6, 2012. (Doc. 16-1.) The EEOC charge form allows the charging party to mark one or more boxes to indicate the type of discrimination that the charging party is alleging occurred, and here,

plaintiff marked only the box for race, not retaliation. (*See* Doc. 16-1.) The court in *Gregory* found that the plaintiff's failure to check the box indicating retaliatory discrimination did not bar her retaliation claim, where the EEOC charge contained facts that could reasonably encompass a retaliation claim. *Gregory*, 355 F.3d at 1280. "The court reasoned that since the claimant had complained of termination due to race and sex, a claim of retaliation for complaining of race and sex discrimination 'was inextricably intertwined with [the plaintiff's] complaints of race and sex discrimination.'" *Woullard v. Johnson*, No. 5:03CV298-R/WCS, 2006 WL 212823, at *5 (N.D. Fla. Jan. 26, 2006). Therefore, under *Gregory*, plaintiff's failure to select the retaliation box does not automatically bar his claim. (Doc. 16-1.)

Plaintiff's case is comparable to the *Gregory* plaintiff's in another important respect. When a plaintiff files an EEOC charge without the assistance of counsel, "[t]he courts have consistently held that the charges upon which complaints of discrimination are based should be construed liberally." *Danner v. Phillips Petroleum Co.*, 447 F.2d 159, 161-62 (5th Cir. 1971). The *Gregory* court repeatedly emphasized that the plaintiff filed her EEOC charge without the assistance of counsel, and in this case, plaintiff filed his EEOC charges without counsel. Under *Gregory*, which requires this court to liberally construe plaintiff's second EEOC charge, the court finds that an EEOC investigation into retaliation could reasonably grow from the statement that defendant terminated plaintiff's employment on December 6, 2012. Because the EEOC had a record of plaintiff's first

charge, which was filed *before* defendant terminated plaintiff, an investigation could *reasonably* grow from plaintiff's second EEOC charge to determine if defendant had knowledge of plaintiff's first EEOC charge by the time defendant terminated plaintiff. Therefore, plaintiff's claim of retaliation in violation of Title VII is not administratively barred for failure to exhaust administrative remedies before bringing that claim.

### 2. Allegations in the Complaint Regarding Plaintiff's Retaliation Claims Under Title VII and § 1981

Even though plaintiff's Title VII retaliation claim is not barred, the Complaint fails to sufficiently plead grounds for relief under Title VII and § 1981. To state a prima facie case of retaliation in violation of Title VII, a plaintiff must prove that: (1) he engaged in activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001). To show causation, a plaintiff must prove that the protected activity preceded the adverse action and that the protected activity and adverse action were not "wholly unrelated." *Thomas*, 369 Fed. Appx. at 23 (quoting *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1337 (11th Cir. 1999)) (internal quotation marks omitted). A plaintiff can show a relationship between the protected activity and the adverse action if the employer knew of the plaintiff's protected activity, and "there was close temporal proximity between the awareness and the adverse action." *Id.* (citing *Farley*, 197 F.3d at 1337).

In Count III of the Complaint, plaintiff alleges that defendant "terminated him on December 6, 2012 in retaliation for his complaining about race discrimination and disparate treatment on account of his race," (Doc. 1 ¶ 15), and in his second EEOC charge, plaintiff states that "[m]y employer discharged me on December 6, 2012," (Doc. 16-1). Plaintiff does not allege in the Complaint or the second EEOC charge that he took any specific protected action for which defendant retaliated against him. While plaintiff filed the first EEOC charge on December 5, 2012, and defendant terminated plaintiff the next day, plaintiff does not allege that defendant retaliated against him for filing an EEOC charge by terminating his employment, nor does plaintiff allege that defendant had knowledge of plaintiff's first EEOC charge before defendant terminated him.

Plaintiff states in an affidavit accompanying Plaintiff's Response to Defendant's Motion to Dismiss that supervisors at Voestalpine Nortrak, Inc. knew that plaintiff was complaining about racially discriminatory treatment two days before defendant terminated him on December 6, 2012. (Doc. 15 ¶ 4.) However, plaintiff must allege this fact in his Complaint to sufficiently plead a claim for retaliation. Additionally, plaintiff states in his brief that plaintiff took protected action when he "complained to his supervisor of discriminatory treatment a month before his termination when his supervisor wrote demeaning comment [sic] on the rail on which he worked." (Doc. 13 ¶ 13.) However, plaintiff does not allege in his Complaint or either EEOC charge that he complained to his supervisor about racial discrimination. (*See* Docs. 1 at 6, 16-1.) Plaintiff's allegation that

13

defendant terminated him for "complaining about race discrimination and disparate treatment on account of his race" is the type of formalistic recitation of the elements of a cause of action that *Iqbal* prohibits. Without a factual allegation that plaintiff took a specific protected action for which defendant retaliated against him, plaintiff has not stated a claim for retaliation under Title VII or § 1981.

## CONCLUSION

Plaintiff failed to sufficiently plead facts stating a claim for race discrimination. The Title VII claim for retaliation is not due to be dismissed for failure to exhaust administrative remedies. However, plaintiff failed to sufficiently plead facts stating a retaliation claim under Title VII and § 1981. Nevertheless, the court will give plaintiff an opportunity to amend his Complaint. Defendant's Motion to Dismiss will be denied with leave for plaintiff to replead his claims. An order denying defendant's Motion to Dismiss will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 11th day of February, 2015.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE